Mary M. Black, Administratrix, etc., of Edgar N. Black, *v.* Francis H. Bohlen, Trustee, substituted in place of R. C. McMurtrie, deceased, for Catharine M. Bohlen et al., Appellants.

*Equity—Jurisdiction—Scire facias sur mortgage.*

The defendant in a scire facias sur mortgage has no standing in equity to restrain the plaintiffs from proceeding on the sci. fa., until they shall have accounted to the defendant for payment alleged to have been made on account of the mortgage.   The proper mode of seeking discovery in such case is by bill of discovery filed in the action of scire facias, and ancillary to it.

Argued March 11, 1896.   Appeal, No. 196, Jan. T., 1896, by defendants, from decree of C. P. Delaware Co., on bill in equity. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and FELL, JJ.   Reversed.

Bill in equity for an account and for an injunction.

From the record it appeared that Edgar N. Black, the owner of different tracts of land in Philadelphia and Delaware counties mortgaged them in portions at various times, beginning in 1862, to Richard C. McMurtrie and John Bohlen, both of Philadelphia, individually and as trustees.   In 1895, the principal of the mortgage debt, with interest, amounted to about $120,000. He also created another mortgage to the widow of his brother, Charles N. Black.   Mr. Bohlen died some years ago, and Edgar N. Black died in 1891.   In 1892, Mrs. Charles N. Black foreclosed her mortgage in the circuit court of the United States for the eastern district of Pennsylvania.   And Mr. McMurtrie, as trustee, commenced a suit of foreclosure in Delaware county,

to June term, 1894, No. 220, on a mortgage made jointly by Edgar N. and his brother, Charles N., to R. C. McMurtrie, trustee. Mr. McMurtrie died in the ensuing October and Francis H. Bohlen was substituted on the record. The case was continued several times by the defendant, and there were several peremptory orders on her to try the case. Just before the trial period in June, 1895, the defendant in that suit filed this bill in equity in Delaware county against the plaintiff in the suit at law, his mother, his three brothers, and three daughters of Mr. McMurtrie, who were his executors, all residing in Philadelphia county.

The bill recited the death of Edgar N. Black in 1891, and the appointment of his widow, Mary M. Black, his administratrix; the making of various loans to Edgar by R. C. McMurtrie and John Bohlen of Philadelphia, obtained through the instrumentality of Mr. McMurtrie, the creation of numerous mortgages by Edgar N. Black to R. C. McMurtrie and John Bohlen, individually and as trustees; of two created by Edgar N. and his brother Charles N. to the same parties; of a mortgage by Edgar N. to the widow of his brother Charles N., foreclosed in the circuit court of the United States for the eastern district of Pennsylvania; that the mortgagees had received large sums of money on account; that the complainant was unable to tell how much, because among other reasons, various vouchers, etc., were in possession of her son, who would not let her have them; that if an account be had from the defendants, debts on the mortgages will be greatly reduced; that as the matter now stands complainant cannot make a proper defense to the suit on the sci fa. now pending in Delaware county. The bill then recited the death of R. C. McMurtrie, the appointment of his executors; of Francis H. Bohlen as his substituted trustee; and prayed for an account from all the defendants, generally and particularly, of all the moneys received by John Bohlen and Richard C. McMurtrie; and that they be enjoined from proceeding on any of the mortgages till final decree in the equity suit.

The court granted the injunction prayed for.

*Error assigned* was decree granting injunction.

*Arthur Biddle, Edward H. Hall* and *Biddle & Ward* with him, for appellant.

*Francis Tracy Tobin,* for appellee.

OPINION BY MR. JUSTICE MITCHELL, May 18, 1896:

The proceedings in this case from the service of the bill down to the decree appear to have been exceedingly irregular, but as the decree is not final the case would not be in position for appeal to this court were it not for the injunction against the plaintiff in the scire facias sur mortgage. It is true it is called merely an order to stay proceedings, but as the order was made in a separate suit and upon matters not appearing at all in the scire facias, it is in effect an injunction and can only be made operative as such.

It is unnecessary to discuss the objections to the proceedings, as the bill is radically defective in substance. It is a bill to take a suit pending upon a legal cause of action, out of the hands of a court of competent jurisdiction to decide it, and to transfer the appellants from their position as plaintiffs at law to one of respondents in equity. If a court of equity could do this under any circumstances there is nothing in the bill to justify it n the present case.

The only legitimate object of the bill is discovery in aid of a defense to the mortgage. The proper mode of seeking this relief is by a bill of discovery filed in the action of scire facias and ancillary to it. Even if the present bill had been so filed it would have been fatally demurrable, first, because among other things it avers that the necessary evidence for the defense the orator desires to make is in the hands of Edgar N. Black, Jr., for whose action these defendants are not responsible; and secondly, because the transactions on different mortgages, given at different times, by different mortgagors to different mortgagees, or to the same mortgagees in different rights, are lumped confusedly together in such manner as to indicate either an entire absence of any real knowledge of facts on which to base the claim set up, or an intention to befog the case for purposes of delay and annoyance.

Decree reversed with directions to dismiss the bill with costs.